UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANDREA RUDD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:18-CV-436-TAV-DCP |
| | ) | 3:17-CR-11-TAV-CCS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Petitioner Andrea Rudd has filed a pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 1]. The government has responded in opposition [Doc. 12]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] and the motion will be **DENIED**.

I.  **Background**[2]

Petitioner was the managing member and owner of a corporation which operated, through subsidiaries, as a professional employer organization working in employee benefits and payroll processing [Doc. 2 p. 2]. The company was responsible for collecting

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Citations in this section refer to the criminal case.

and remitting the money owed by clients to the IRS for payroll taxes [*Id*. p. 3]. Petitioner evaded payment of over $10,000,000 in collected payroll taxes and converted the funds for her own personal use "to maintain a lavish and self-indulgent lifestyle" [*Id*. p. 5]. Additionally, she conspired to defraud clients by accepting premium payments for workers' compensation coverage that was never purchased or provided [*Id*.].

Petitioner was charged with and pleaded guilty to one count of tax evasion in violation of 26 U.S.C. § 7201 and one count of conspiracy in violation of 18 U.S.C. § 371 to commit mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343 [*Id*. pp. 1–2]. The plea agreement stated that

> [n]o promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas

[*Id*. ¶ 5(c)]. The agreement additionally waived the right to file a direct appeal with one exception and waived the right specifically to appeal "whether [her] sentence will be consecutive or partially concurrent to any other sentence" [*Id*.]. The Presentence Investigation Report calculated her guidelines range as 108 to 135 months and noted each count had a 60-month statutory maximum [Doc. 15 ¶¶ 79, 80].

Petitioner filed a motion for downward departure or variance [Doc. 17] requesting a sentence of probation coupled with home detention. Petitioner's sentencing memorandum and exhibits totaled 172 pages [Doc. 18], with 39 pages of detailed argument in support of the motion. Petitioner was sentenced to 96 months' imprisonment [Doc. 26].

2

She filed and voluntarily dismissed an appeal [Doc. 47] and then filed the instant motion collaterally attacking her sentence under 28 U.S.C. § 2255 [Doc. 48].

## II. Analysis

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that she is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). She must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 153 (1982), and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner here raises many claims of ineffective assistance of counsel that fall into two categories regarding (1) ineffectiveness in rendering sentencing advice that caused her guilty plea to be involuntary and (2) ineffectiveness at sentencing. Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S.

3

500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must establish that her counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Consequently, counsel is "not required to raise meritless arguments." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that her attorney's deficient performance prejudiced her defense, in the sense that defendant must show "there is a reasonable probability that, but for counsel's [] errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. In cases where the petitioner pleaded guilty, the analysis is somewhat different, in that a petitioner "must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

4

If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*). None of Petitioner's claims offer relief.

### A. Preliminary Advice and Guilty Plea

Petitioner argues that counsel rendered ineffective assistance of counsel in connection with sentencing advice which rendered her plea involuntary [Doc. 1 p. 5]. Specifically, she argues trial counsel failed to (1) advise she could receive a lengthy sentence of incarceration, instead advising she would be sentenced to probation or 12 months and a day, (2) advise that sentences for each count could run consecutively or concurrently, (3) advise that she waived an appeal of a within-guidelines sentence, (4) explain the sentencing guidelines and enhancements, and (5) explain that the plea agreement contained a personal money judgment of a particular amount [*Id*. pp. 5–6]. Petitioner states such actions played a substantial part in her decision to plead guilty, fell below an objective standard of reasonableness, were the result of oversight, not strategy, and that she was prejudiced because she was deprived of "critical information that would have factored into deciding whether to plead guilty" [*Id*. p. 7].

In her memorandum in support, Petitioner admits that a "proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea" [Doc. 5 p. 13 (citing *Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016))]. She asks the Court to consider that the plea agreement stated each

5

count carries a punishment of up to five years' imprisonment with no mandatory minimum [*Id.*]. Petitioner further states that she did not understand she plea agreement waived her appeal rights as demonstrated by her attempt to hire appellate counsel [*Id.*].

The government responds that Petitioner has not proven prejudice, meaning that she would not have pleaded guilty if not for counsel's misadvise, since the Court informed her of all appropriate information [Doc. 12 p. 8]. The Court agrees. As a matter of course, this Court executes a plea colloquy that thoroughly and meticulously addresses the considerations set forth in Federal Rule of Criminal Procedure 11. The Court asks a defendant to confirm, among other things, that: she has had ample opportunity to discuss the case with counsel, counsel explained the terms of the plea agreement, she and counsel discussed any maximum penalties, she is satisfied with counsel's advice, that she was not pressured into pleading guilty, and that she understands the waiver provisions, including wavier of a direct appeal of a within-guidelines sentence. Specific to her plea agreement, this Court asked whether she understood that there would be a personal money judgment and restitution and repeated the listed amounts.[3] The Court advises the defendant that in determining a sentence, the Court considers the sentencing guidelines and asks defendant to confirm she has discussed the application of the guidelines to her case, that defendant

---

[3] The government notes that the Court may presume that Petitioner would not have agreed to a money judgment in this amount unless she were actually responsible for that amount [Doc. 12 pp. 10–11 (citing *United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009) ("Although the government was in the best position to know the provable amount of loss, Socolovitch was in the best position to know the actual amount of loss—i.e., the total amount of which he defrauded his customers. Socolovitch would not have entered into the plea agreement if he did not know that the actual amount of loss exceeded $70,000."))].

6

may not withdraw her plea on the basis of her resulting sentence, and that the government has not made an agreement as to a particular sentence. The Court confirmed that Petitioner understood or agreed to each of the relevant provisions. Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison,* 431 U.S. 63, 74 (1977), and Petitioner is bound by them when, as here, the Court followed required procedure under Rule 11. *United States v. Rennick*, 219 F. App'x 486, 489 (6th Cir. 2007).

In addition to having executed this colloquy in open court, Petitioner also signed a plea agreement containing the potential punishments, monetary obligations, waiver provisions, information about sentencing guidelines, and a provision that "any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas" [Doc. 2, 3:17-cr-11]. As the Sixth Circuit has noted, "the most persuasive evidence of what a defendant reasonably appreciated as [her] bargain is found in the plain language of the court-approved agreement." *United States v. Phibbs*, 999 F.2d 1053, 1081 (6th Cir. 1993).

Petitioner therefore is unable to establish that she was prejudiced because even if counsel had not informed her of these provisions, the Court ensured that she understood her plea agreement and acknowledged the relevant portions. The Court therefore finds that Petitioner has not demonstrated prejudice, and her ineffective assistance claims regarding her plea agreement will be rejected.

7

### B. Ineffectiveness at Sentencing

Petitioner raises 15 claims related to ineffectiveness at sentencing, which the government groups into five main categories: (1) failure to investigate Petitioner's medical condition and treatment options, (2) failure to seek downward departure or variance on the basis of her medical condition, (3) failure to seek a downward variance because counsel failed to investigate whether Petitioner could be placed at her desired facility and the distance from family given her medical care level, (4) failure to present certain testimony or letters in support at sentencing, and (5) failure to object to the loss calculation as failing to take into consideration a particular guideline provision [Doc. 1 p. 3–5].

Petitioner's memorandum in support focuses primarily on the factual background of the case [Doc. 5]. As to argument in support of her claims, she states that "no tactical reason presents itself why [Petitioner's] interests would be better served by intentionally avoiding or foregoing readily available information related to her medical condition and the resulting impact on her classification to a BOP facility almost 900 miles from her home and family" [*Id*. p. 12]. Petitioner states that there further was "no tactical reason . . . why absolutely no letters were submitted on Ms. Rudd's behalf and why relevant testimony was not secured and offered at sentencing" [*Id*. p. 13]. She makes no argument as to prejudice in her case. The government responds that Petitioner has not satisfied the two-part test as to any of the categories.

First, regarding failure to investigate, the Court finds Petitioner's argument unavailing. Petitioner argues that counsel failed to adequately investigate certain records

8

regarding her medical condition and determine next steps of her treatment regime [Doc. 1 p. 3]. "Under *Strickland*, 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Stermer v. Warren*, 959 F.3d 704, 739 (6th Cir. 2020) (quoting *Strickland*, 466 U.S. at 691). However, "a defendant who alleges a failure to investigate on the part of [her] counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Birdsong*, No. CR 5:16-016-DCR, 2019 WL 4696410, at *2 (E.D. Ky. Sept. 26, 2019) (citation omitted).

Petitioner does not demonstrate how the outcome would have changed, had counsel more intensely investigated the circumstances. Petitioner presented health records to the Court which were the ones "she would like to show the Court" [Doc. 39 p. 56, 3:17-cr-11]. "An attorney does not provide deficient counsel by making investigative decisions based, quite properly . . . on information supplied by the defendant." *Cope v. United States*, 385 F. App'x 531, 534 (6th Cir. 2010) (citation omitted). Petitioner states additional records were found after sentencing and questions why they were not "effectively used" at sentencing [Doc. 5 p. 9]. Given the records already presented to the Court as those provided by Petitioner, she has not demonstrated the decision not to investigate further was constitutionally deficient. Further, counsel informed the Court that her treatment regime was quite expensive [*Id.* p. 11], and her self-report date to the Bureau of Prisons was adjusted to allow for the change in treatment regime. Petitioner has not demonstrated prejudice as to how additional investigation about her medical condition would have led to

9

a different result.  *Cf. United States v. Robson*, 307 F. App'x 907, 911 (6th Cir. 2009) (declining to review a claim that counsel was ineffective for not conducting further investigation because the record did not show what information could have been further investigated, what that investigation would have shown, or how it might have alternated the outcome).  The claim will therefore be rejected.

Second, Petitioner states counsel was ineffective for failing to seek a downward departure or variance because of her medical condition [Doc. 1 p. 3].  Counsel conceded that her diagnosis did not rise to the level warranting a departure [Doc. 18, p. 29, 3:17-cr-11 ("Ms. Rudd admits her Multiple Sclerosis currently does not rise to the level of 'extraordinary physical impairment' under USSG § 5H1.4 to warrant a departure in this case.")].  However, counsel did seek a downward variance on the totality of Petitioner's "unique circumstances," including her diagnosis of multiple sclerosis [*Id.* pp. 28, 38].  Petitioner cannot demonstrate deficient performance, as counsel may have predicted a variance was more likely to be granted than a departure, and Petitioner does not demonstrate or argue that such a motion for downward departure on this basis specifically would have been successful.  She therefore is unable to meet both *Strickland* prongs, and this claim will be rejected.

Third, Petitioner argues counsel was ineffective for failure to determine whether she would be designated at the BOP placement of her choice and present her likely designation as a basis for a variance due to its distance from her minor child [Doc. 1 p. 3].  However, the BOP is the entity which "shall designate the place of the prisoner's imprisonment."

10

18 U.S.C. § 3621(b). "[T]he Bureau of Prisons is in the best position to determine the proper placement of inmates taking into account individual considerations based on an inmate's background, medical history, and general considerations about public safety." *United States v. Justice.*, No. 3:14-CR-103, 2020 WL 2748044, at *2 (E.D. Tenn. May 27, 2020). As this Court noted at sentencing, "only a complete departure from any prison sentence at all would effectively remedy the loss at issue given that both of defendant's minor children are close to the age of majority" [Doc. 39 p. 86, 3:17-cr-11]. The Court recommended that she be designated to FMC Lexington, as she requested [Doc. 26 p. 2, 3:17-cr-11]. Petitioner has not demonstrated that such a variance request would have been successful, as the Court previously considered and rejected said argument. Accordingly, these reasons similarly provide no basis for relief here.

Fourth, Petitioner argues that trial counsel failed to present certain evidence in the form of letters of support or testimony at the sentencing hearing. However, Petitioner does not attempt to demonstrate how she was prejudiced without this evidence. Further, the government states that these choices are "quintessentially matters of strategy" [Doc. 12 p. 13]. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Without allegations of how these choices prejudiced Petitioner, this claim will be rejected.

Fifth, Petitioner argues that counsel was ineffective for failing to file a formal objection to the loss calculation for the conspiracy offense [Doc. 1 p. 5]. However, Petitioner has not demonstrated prejudice in the absence of this objection. The loss

11

attributed to Petitioner was a conservative estimate, based on the premiums paid for the workers' compensation insurance, when the actual total loss could have been higher if it had included uncompensated losses that were not paid because the insurance was never purchased [Doc. 39 pp. 30–31, 3:17-cr-11].  The government also states that the objection was rendered moot once the Court determined the loss for both counts should be aggregated [Doc. 12 p. 13].  Accordingly, Petitioner has failed to demonstrate prejudice, and this claim will be rejected.

### III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, her motion to vacate, set aside or correct his sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**.  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).  A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE